IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

WAYNE E. LEE,

    Plaintiff,

v.    Civil Action Number 3:10cv601

CITIMORTGAGE, INC.,

    Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff Wayne E. Lee's ("the Plaintiff") Motion for Remand (Docket No. 7). The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. For the reasons set forth herein, the Court will grant the Plaintiff's motion.

**I.    Background**

    **A.    Factual Background**

On December 15, 2008, the Plaintiff entered into a mortgage loan with Metamerica Mortgage Bankers, Inc. The loan, evidenced by a Note and secured by a Deed of Trust, was a Federal Housing Administration ("FHA") loan governed by FHA regulations of the federal Department of Housing and Urban Development ("HUD"). Defendant Citimortgage, Inc. ("the Defendant") is, and has been for some time, the holder of the Note.

Under the terms of the Deed of Trust that secured the loan, the holder of the Note can foreclose on the home in the event of arrearage on payment of the Note only if the holder has

complied with FHA regulations. One such regulation incorporated into the terms of the Deed of Trust is 24 C.F.R. § 203.604 that provides in relevant part as follows: "The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced . . . ." 24 C.F.R. § 203.604(b).

The Plaintiff fell into arrears on the Note. The Defendant appointed Wittstadt Title and Escrow Company, LLC ("WT&E") as substitute trustee on the Deed of Trust and instructed WT&E to foreclose on the Plaintiff's home. WT&E then scheduled a foreclosure sale for July 19, 2010 without the Defendant or any other creditor entity ever having a face-to-face meeting with the Plaintiff or attempting to arrange for such a meeting.

**B.     Procedural Background**

Believing that the Defendant's failure to have, or attempt to have, a face-to-face meeting violated the conditions set forth in 24 C.F.R. § 203.604(b) as incorporated into the Deed of Trust, the Plaintiff filed his Complaint on July 23, 2010 in the Circuit Court of New Kent County, Virginia seeking a declaratory judgment that the Defendant has not complied with the terms of the Deed of Trust sufficient to allow the Defendant to go forward with a foreclosure of the home. The Defendant removed the matter to this Court on August 24, 2010. In its Notice of Removal, the Defendant argues that "[t]his action is removable to federal court pursuant to 28 U.S.C. § 1441 because it could have been filed originally in this Court pursuant to the federal question jurisdiction conferred by 28 U.S.C. § 1331 and the diversity jurisdiction conferred by 28 U.S.C. § 1332."

2

With respect to its federal question jurisdiction allegations, the Defendant, referencing the Plaintiff's charge that the Defendant violated federal regulations, believes jurisdiction exists under 28 U.S.C. § 1331 "because [the] Plaintiff asserts claims involving questions of federal law." With respect to its diversity jurisdiction allegations, the Defendant represents that "all relevant parties are diverse and the amount in controversy exceeds $75,000." Specifically, the Defendant alleges that the Plaintiff is a citizen of Virginia, that the Defendant is a citizen of New York and Missouri, and that the "Plaintiff's Complaint also meets the $75,000 amount-in-controversy requirement based upon the principal balance owed on the Promissory Note secured by the Deed of Trust at issue." The Defendant did not offer affidavits or any other supplemental support for its jurisdictional allegations.

## II. Analysis

"Federal courts are courts of limited jurisdiction and the 'threshold requirement in every federal case is jurisdiction.'" *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n*, 893 F.2d 968, 969 (8th Cir. 1990) (quoting *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)). A civil action that is filed in state court may be removed if the federal district court has original jurisdiction pursuant to 28 U.S.C. § 1331 or § 1332. *See* 28 U.S.C. § 1441(a). The burden of establishing federal jurisdiction falls upon the party seeking removal. *Mulcahey v. Columbia Organic Chems.*, 29 F.3d 148, 151 (4th Cir. 1994). It is well-established that federal courts "'are obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated' and that 'if federal jurisdiction is doubtful, a remand to state court is necessary.'" *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333-34 (4th Cir. 2008) (quoting *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005)).

The Defendant suggests that the Court has subject matter jurisdiction over this suit based on both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C.

§ 1332. Federal question jurisdiction under § 1331 "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 12 (2003). In declaratory judgment actions, such as in the case at bar, "if the declaratory judgment plaintiff is not alleging an affirmative claim arising under federal law against the declaratory judgment defendant, the proper jurisdictional inquiry is whether the complaint alleges a claim arising under federal law that the declaratory judgment defendant could affirmatively bring against the declaratory judgment plaintiff." *Morgan Cnty. War Mem'l Hosp. ex rel. Bd. of Dirs. of War Mem'l Hosp. v. Baker*, 314 Fed. Appx. 529, 532 (4th Cir. 2008) (quoting *Columbia Gas Trans. Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2001)). And, "[i]f the answer to this question is yes, federal question jurisdiction exists." *Id.* at 533 (quoting *Columbia Gas*, 237 F.3d at 370). In answering the question, the Court must keep in mind Justice Holmes' timeless acknowledgment that most lawsuits "arise under the law that creates the cause of action." *Id.* (quoting *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)).

When, as here, the underlying cause of action for both parties is created by state law, the Court possesses federal question jurisdiction only in the "small class of cases where, even though the cause of action is not created by federal law, the case's resolution depends on resolution of a federal question sufficiently substantial to arise under federal law within the meaning of 28 U.S.C.A. § 1331." *Id.* (quoting *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 806 (4th Cir. 1996)). Thus, "a case may arise under federal law where the vindication of a right under state law necessarily turn[s] on some construction of federal law, but only [if] . . . the plaintiff's right to relief necessarily depends on a *substantial question* of federal law." *Id.* (citations and quotation marks omitted) (emphasis added). The Supreme Court has summarized the inquiry as follows: "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum

4

may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

In the case at bar, the Plaintiff's demand is for a declaration that the Defendant has not complied with the terms of the parties' contract – the Deed of Trust. Specifically, the parties' contract incorporated 24 C.F.R. § 203.604 – a federal HUD regulation – as a condition of the contract. Thus, while the Plaintiff's declaratory judgment action necessarily requires analysis of a federal regulation, the suit actually relates to rights and obligations under the parties' contract. Further, any claim raised in the Plaintiff's Complaint that the Defendant could affirmatively bring against the Plaintiff would also necessarily relate to rights and obligations under the parties' contract. These rights and obligations are governed by state law.[1] *Kestler v. Bd. of Trs. of N.C. Local Gov'tal Emps.' Ret. Sys.*, 48 F.3d 800, 803 (4th Cir. 1995) ("[T]he issue of whether a contract right exists is governed by state law."); *Volt Info. Sci., Inc. v. Bd. of Trs. of Leland Stanford Univ.*, 489 U.S. 468, 474 (1989) (interpretation of private contracts is a question of state law). Therefore, as state law creates the underlying causes of action in the Complaint, federal question jurisdiction exists in this case only if the Complaint "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and

---

[1]Of course, the Court recognizes that state law can be pre-empted by both federal statutes and federal regulations. *See Hillsborough Cnty. v. Automated Med. Labs., Inc.*, 471 U.S. 707, 713 (1985) ("We have held repeatedly that state laws can be pre-empted by federal regulations as well as by federal statutes."). Yet, the parties do not cite, and the Court is not aware of, any principles of preemption that would operate to suggest that the absence of a federal cause of action under the NHA was intended to prevent parties from entering into an agreement to make otherwise unenforceable conditions enforceable under state principles of contract law.

state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

Prior to the United States Supreme Court's articulation in *Grable* of the proper inquiry, the Fourth Circuit long held that, if a federal law does not provide a private right of action, a state law action based on its violation does *not* raise a substantial federal question as would allow for federal jurisdiction under § 1331. *See Mulcahey*, 29 F.3d at 152 (interpreting *Merrell Dow*, 478 U.S. 804). In other words, a plaintiff's state law claim alleging the violation of a federal statute – or, as here, a federal regulation promulgated pursuant to a federal statute – was insufficient to confer federal question jurisdiction if the underlying federal statute did not provide a private right of action. *See id.*; *see also Healthtek Solutions, Inc. v. Fortis Benefits Ins. Co.*, 274 F. Supp. 2d 767, 774 (E.D. Va. 2003) ("[A] plaintiff's claim of a violation of federal statute does not create federal jurisdiction unless the plaintiff could avail himself of the remedies provided by the federal statute."). In the case at bar, it is undisputed that the FHA, NHA, and HUD regulations do *not* provide the Plaintiff with a private right of action. Therefore, the Plaintiff's claim that the Defendant violated a federal regulation that was incorporated as a condition of the parties' state law-governed contract is clearly insufficient under *Mulcahey* to confer federal question jurisdiction over this matter. *Mulcahey* has never been expressly overturned, but *Grable* articulates a less-rigid inquiry than that adopted in *Mulcahey*.

Even so, the Plaintiff's claim is still insufficient under *Grable* and its progeny. In interpreting *Merrell Dow* differently than did the Fourth Circuit, the Supreme Court explained that "*Merrell Dow* should be read in its entirety as treating the absence of a federal private right of action as evidence relevant to, but not dispositive of, the 'sensitive judgments about congressional intent' that § 1331 requires." *Grable*, 545 U.S. at 318. *Merrell Dow* and *Grable* counsel courts to "examin[e] the strength of the federal interest at stake and the implications of opening the federal forum," being

6

mindful that "questions of jurisdiction over state-law claims require careful judgments about the nature of the federal interest at stake." *Id.* at 316-17 (citations and quotation marks omitted). In the case at bar, the federal interest at issue – interpretation of an obscure provision contained in a federal administrative regulation – falls well-short of the most important of federal stakes. Additionally, a general rule of exercising federal jurisdiction over declaratory judgment actions related to rights and obligations set forth in a state law-controlled contract would "herald[] a potentially enormous shift of traditionally state cases into federal courts." *Grable*, 545 U.S. at 319. As was the *Merrell Dow* Court, this Court is concerned over the "increased volume of federal litigation" and notes the importance of adhering to "legislative intent." *Merrell Dow*, 478 U.S. at 811-12. It is improbable that the Congress, having made no provision for a federal cause of action in the NHA or its associated regulations, would have meant to welcome into federal court any state law-governed contract that incorporates language from the NHA or its relevant administrative regulations. Indeed, the Plaintiff's Complaint does not necessarily raise a stated federal issue, actually disputed and substantial, that a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. Accordingly, the Court finds that it does not have federal question jurisdiction over the subject matter of this case.

As such, the propriety of removal in the case at bar depends on whether the case falls within the provisions of 28 U.S.C § 1332. Under that statutory provision, federal district courts have original jurisdiction over a case if the case involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C.A. § 1332 (2009). The complete diversity rule of § 1332 requires that the citizenship of each plaintiff be different from the citizenship of each defendant. *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). The Court is satisfied that complete diversity

exists in this case, as the Plaintiff is a citizen of Virginia, and the Defendant is a citizen of New York and Missouri. Neither party has alleged otherwise, and nothing before the Court indicates that the parties are not citizens as alleged in the Defendant's Notice of Removal. Therefore, the Court need only address whether the amount in controversy exceeds $75,000.

"In determining whether an amount in controversy is sufficient to confer jurisdiction, courts apply one of two legal standards depending on whether damages are specified or unspecified in the complaint." *LJT & Assocs., Inc. v. Koochagian*, No. WDQ-09-2405, 2009 WL 4884525 slip op. at *3 (D. Md. Dec. 10, 2009) (quoting *Momin v. Maggiemoo's Int'l, LLC*, 205 F. Supp. 2d 506, 509 (D. Md. 2002)). "When a plaintiff claims damages less than $75,000, 'removal is proper only if the defendant can prove to a 'legal certainty' that the plaintiff would . . . recover more than that if she prevailed.'" *Id.* (quoting *Momin*, 205 F. Supp. 2d at 509). If, as in the case at bar, "the complaint does not specify damages, 'a defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.'" *Id.* (quoting *Momin*, 205 F. Supp. 2d at 509-10). "The defendant must establish the amount in controversy with 'competent proof.'" *Id.* (quoting *Momin*, 205 F. Supp. 2d at 510) (requiring "summary judgment-type evidence" to demonstrate the required amount in controversy)). "Mere allegations in the notice of removal are insufficient." *Id.* (citing *Green v. Metal Sales Mfg. Corp.*, 394 F. Supp. 2d 864, 866 (S.D. W. Va. 2005)).

In actions seeking declaratory or injunctive relief, such as in the case at bar, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) (citing cases). "In determining the value of the object of litigation, the majority of courts follows the 'plaintiff approach,' in which the court considers only the value of the controversy to the plaintiff." *Liberty Mut. Fire Ins. Co. v.*

8

*Hayes*, 122 F.3d 1061 table op. at *2 (4th Cir. 1997). The Fourth Circuit, however, "has employed the 'either party approach,' examining the potential pecuniary effect that a judgment would have on either party to the litigation." *Id.* (citing *Gov't Emps. Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)). "Under this 'value' test, the jurisdictional amount in controversy requirement is met if either the 'direct pecuniary value' of the right the plaintiff seeks to enforce, or the cost to the defendant of complying with any prospective equitable relief exceeds $75,000." *Lee School Lofts, L.L.C. v. Amtax Holdings 106 LLC*, No. 3:08cv427, 2008 WL 4936479, at *3 (E.D. Va. Oct. 29, 2008) (citations omitted).

"In applying this test, courts are required to look to the underlying rights and obligations of the litigants to 'calculate the potential pecuniary impact of [a] judgment to either party.'" *Wood v. Gen. Dynamics Advanced Info. Sys., Inc.*, No. 1:08CV624, 2009 WL 1687967 slip op. at *4 (M.D.N.C. June 17, 2009) (quoting *Market Am., Inc. v. Tong,* No. 1:03CV00420, 2004 WL 1618574, at *2 (M.D.N.C. July 15, 2004)). "In so doing, the Court may not weigh the merits of the case, but should consider all the evidence in the record, including the pleadings and the affidavits submitted by the parties." *Id.* When analyzing the direct pecuniary value of the right at issue from the Plaintiff's perspective, the Fourth Circuit counsels courts to "determine whether [the Plaintiff], if granted declaratory relief on all her claims, would be entitled to recover more than $75,000 from [the Defendant]." *Toler v. State Farm Mut. Auto. Ins. Co.*, 25 Fed. Appx. 141, 143 (4th Cir. 2001). "The Court's duty then is to find the economic worth of the 'object in controversy,' keeping in mind that 'any one case may be legitimately valued in a number of different ways,' and that '[n]o one economic analysis will be right for all cases.'" *Cole v. Captain D's, LLC*, No. 5:08CV21-V, 2008 WL 4104577, *2 (W.D.N.C. Aug. 29, 2008) (quoting *Hoffman v. Vulcan Materials Co.*, 19 F. Supp. 2d 475, 481-82 (M.D.N.C. 1998)). In so doing, "it is important to specify exactly what relief [the] Plaintiff[] seek[s]

9

to understand what evidence might be relevant to its pecuniary value." *Tyler v. Berger*, No. Civ.A. 605CV00030, 2005 WL 2596164, at *4 (W.D. Va. Oct. 13, 2005).

Here, the Plaintiff's lawsuit presents only a controversy as to the relative rights and duties under the parties' relevant contract – the Deed of Trust. More specifically, the Plaintiff's lawsuit simply asks the Court to determine whether the Defendant owed the Plaintiff the duty to have, or attempt to have, a face-to-face meeting with him prior to commencing foreclosure.[2] Thus, the amount in controversy may be either (1) the direct pecuniary value to the Plaintiff of having the right to have the Defendant hold, or attempt to hold, a face-to-face meeting with the Plaintiff prior to commencing foreclosure, or (2) the costs to the Defendant of complying with the condition that it hold, or attempt to hold, a face-to-face meeting with the Plaintiff prior to commencing foreclosure. Neither party has reported the monetary figure by which they value this right. Indeed, as the object of the litigation is simply the right to have a face-to-face meeting prior to foreclosure proceedings, such a right is not readily measurable in monetary terms, and "a claim not measurable in 'dollars and cents' fails to meet the jurisdictional test of amount in controversy." *McGaw v. Farrow*, 472 F.2d 952, 954 (4th Cir. 1973). Even if figures were to be assigned to this right, they would be far too speculative to meet

---

[2]In his Complaint, the Plaintiff defines his "Cause of Action" as follows: "Lee is entitled to a declaratory judgment that [the Defendant] has not complied with the terms of the deed of trust sufficient to allow it to go forward with a foreclosure of the home and that, therefore, any foreclosure sale of the home on July 29, 2010 would be void." Pl.'s Compl. at 4. The Court construes the demand as a request for a declaration that the Defendant failed to comply with the terms of the Deed of Trust because the Defendant failed to have a face-to-face meeting with him prior to commencing foreclosure. The Plaintiff does not seek an injunction, preliminary or permanent, and his Complaint presents a justiciable controversy only as to whether the Defendant owed the Plaintiff the duty to have, or attempt to have, a face-to-face meeting with him prior to commencing foreclosure. The "sufficient to allow" language in the Complaint does not operate to convert the Plaintiff's declaratory judgment action into an injunction action or other form of suit.

even the preponderance of the evidence standard, and the Court cannot imagine even a speculative sum that would exceed $75,000.

Even if the Court were to, instead, find that the value of the Plaintiff's property or the principal balance owed on the promissory note properly represents the "value of the object of the litigation," the Plaintiff still would *not* be entitled to recover more than $75,000 from the Defendant if granted the requested declaratory relief on his claim. *See Toler*, 25 Fed. Appx. at 143. This is not a suit to quiet title or even for simple breach of contract, and if granted the requested declaratory relief, neither party has established that the Plaintiff stands to recover *any* amount of money from the Defendant or that the Defendant would lose *any* of the principal owed or incur any other cost of complying that would exceed $75,000. The Plaintiff stands to recover only the right to have the Defendant hold, or simply attempt to hold, a face-to-face meeting with him. Even if granted such a right where such a meeting were to take place, the outcome of that meeting is similarly too speculative to establish a reliable enough "value" for the instant controversy. Indeed, nothing before the Court suggests that a face-to-face meeting with the Defendant prior to its having commenced foreclosure would have "saved" the Plaintiff's home from foreclosure. Additionally, nothing before the Court indicates that holding, or attempting to hold, the face-to-face meeting would have cost the Defendant more than $75,000. More importantly, the Defendant has never provided an affidavit or other "competent proof" of the principal balance owed on the Note, or the property's value – assessed, appraised, estimated, or otherwise. In short, the Defendant has failed to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.

Even though this Court finds that the "value of the object of the litigation" is the value associated with having (or complying with) the right of the Plaintiff to have a face-to-face meeting with the Defendant prior to the commencement of foreclosure, under any approach and analysis, the

pecuniary value and costs to both parties are simply "too speculative and immeasurable to satisfy the amount in controversy requirement." *Vargo v. Del. Title Loans, Inc.*, Civ. No. L-10-1251, 2010 WL 2998788 slip op. at *2 (D. Md. July 27, 2010). The Defendant made mere allegations in its Notice of Removal and has failed to provide the Court with competent proof of diversity jurisdiction. The Court will not assume, infer, or hazard a guess at whether jurisdiction exists, as that burden lies squarely with the removing Defendant. The Court simply will not play fast and loose with subject matter jurisdiction, and this suit must be guided by the federalism principle that favors remand where subject matter jurisdiction is doubtful. Construing removal jurisdiction strictly, as it must, the Court finds that the Defendant has failed to establish that removal was proper, and the Court is left with no choice but to remand the case.

An appropriate Order shall issue.


September 15, 2010                                /s/
DATE                           RICHARD L. WILLIAMS
                               SENIOR UNITED STATES DISTRICT JUDGE